UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

TORRI MCCRAY,
                Defendant.

**REPORT AND RECOMMENDATION**

17-CR-147(LJV)(JJM)

        Defendant is charged in a three-count Indictment [1][1] with violations of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B). Before the court is defendant's motion [25] seeking dismissal of Counts 2 and 3 of the Indictment, which has been referred to me by District Judge Lawrence J. Vilardo for initial consideration [2].[2] Having considered the parties' submissions [25, 28, 31, 32] and heard oral argument on April 27, 2018 [33], for the following reasons I recommend that the motion be granted in part and denied in part.

## DISCUSSION

        21 U.S.C. §841(a)(1) makes it "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance". 21 U.S.C. §841(b)(1)(B)(vi) creates an enhanced penalty for possession with intent to distribute (or distribution) of "10 grams or more of a mixture or substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide", also known as fentanyl.

---

[1]     Bracketed references are to CM/ECF docket entries. Unless otherwise indicated, page references are to the documents themselves rather than to CM/ECF pagination.

[2]     The motion also sought other forms of relief, which have since been resolved [33].

Counts 2 and 3 of the Indictment charge defendant, on different dates, with "knowingly, intentionally and unlawfully possess[ing] with intent to distribute, and distribut[ing], 10 grams or more of a mixture and substance containing butyryl fentanyl, a Schedule I controlled substance, and an analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl). All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)".

21 U.S.C. §802(32)(C)(i) states that "[a]s used in this subchapter . . . the term 'controlled substance analogue' . . . does not include . . . a controlled substance". Butyryl fentanyl was temporarily designated as a Schedule I controlled substance on May 12, 2016 (81 FR 29492-01), and that designation remains in effect. 83 FR 177486-01. Citing §802(32)(C)(i), defendant argues that "[t]he plain language of the statute excludes controlled substances (such as butyryl fentanyl) from being charged as analogues. Therefore, Counts two and three of the indictment should be dismissed as they fail to state an offense under the specified subsection, Title 21 U.S.C. 841(b)(1)(B)". Comerford Affirmation [25], ¶10.

In opposing the motion, the government cites the 1979 Webster's New Collegiate Dictionary in arguing that "butryl fentanyl is not excluded from the definition of 'analogue' under 21 U.S.C. §802(32)(C)(i)". Government's Response [28], pp. 1-2. That argument fails, because §802(32)(C)(i) expressly excludes a controlled substance from the definition of "analogue". "When a statute includes an explicit definition, we must follow that definition, even if it varies from that term's ordinary meaning". Stenberg v. Carhart, 530 U.S. 914, 942 (2000); Polich v. Burlington Northern, Inc., 48 F. Supp. 2d 1247, 1252 (D. Mont. 1995), aff'd, 114 F.3d 122 (9th Cir. 1997) (the "statutory definition controls the meaning to be afforded the term to the exclusion of what might be the commonly accepted or dictionary definition of the term").

The government also mentions "the legislative history of the statute", without identifying that history. Government's Response [31], p. 1. However, "reference to legislative history is inappropriate when the text of the statute is unambiguous". Department of Housing and Urban Development v. Rucker, 535 U.S. 125, 132 (2002). *See also* Hamer v. Neighborhood Housing Services of Chicago, ___ U.S. ___, 138 S. Ct. 13, 20 (2017) ("[w]e cannot replace the actual text with speculation as to Congress' intent").

Finally, the government argues that "[a]n offense under 841(a)(1) only requires an allegation that a controlled substance (or analogue) was the subject of the charge without the controlled substance being specified. The nature of the controlled substance is a sentencing issue . . . . There is no basis, therefore[,] to dismiss Counts 2 and 3 as they allege all the elements of the offense and include the analogue allegation which is only relevant to sentencing". Government's Response [31], pp. 3-4. However, whether or not it was required to do so, the Indictment *does* identify butyryl fentanyl as the controlled substance, and the government's argument ("butryl fentanyl is not excluded from the definition of 'analogue'", government's Response [28], p. 2) makes clear that it also considers butyryl fentanyl to be the analogue of fentanyl.

While the government contends that "the analogue allegation . . . is only relevant to sentencing" (government's Response [31], p. 4), it is well settled that any fact which increases the minimum or maximum penalty for a crime must be charged in the indictment. *See* Christie v. United States, 2014 WL 2158432, *7 (S.D.N.Y. 2014) (minimum); Jones v. United States, 526 U.S. 227, 243, n. 6 (1999) (maximum).

## CONCLUSION

Since butyryl fentanyl is a controlled substance but is excluded from the statutory definition of "analogue", I recommend that defendant's motion [25] be granted to the extent that it seeks dismissal of the Indictment's reference to an enhanced penalty under 21 U.S.C. §841(b)(1)(B)(vi), but otherwise be denied.

Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by June 5, 2018. Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new

legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: May 22, 2018

                                                   _____
                                                   JEREMIAH J. MCCARTHY
                                                   United States Magistrate Judge